SCHOTT, Judge.
Plaintiff obtained a judgment of divorce against his wife of 34 years in May, 1972, and was condemned to pay , her alimony in the amount of $675 per month. At the time he was a practicing physician in the field of internal medicine. In April, 1977, he filed a rule to eliminate alimony based on a change in circumstances. From a judgment which reduced the alimony to $100 per month she has appealed seeking an increase and plaintiff has answered the appeal seeking to be relieved of alimony payments entirely.
Plaintiff testified that his health began to fail in 1974 when he was hospitalized with bronchial asthma, tracheal bronchitis and diabetes, and it gradually declined during the ensuing year until he reached the point where he was losing sleep and had to reduce his hours of practice especially in the afternoons when he had customarily made hospital visits to his patients. His poor health combined with increased costs of operating his medical practice led him to retire at age 64 on March 31, 1977. Plaintiff’s gross income in 1976 was almost $50,-000 (net over $30,000) and for the first three months of 1977 gross income was almost $11,000 as compared to $326.90 per month from Social Security after his retirement.
Plaintiff’s testimony that he was seriously disabled from asthma and related respiratory problems was corroborated by the testimony of his second wife and a physician who examined him eight days before the rule was tried.
Defendant contends that he is able to work but discontinued his practice for the sole purpose of avoiding his obligation to pay alimony. In support of this argument she makes much over the fact that no physician advised plaintiff that he should discontinue his practice because of poor health.
This argument does not persuade us to revise what was essentially an evaluation of plaintiff’s credibility. The trial judge was apparently satisfied that plaintiff was motivated to retire because of his poor health and not for the purpose of saving money on alimony.
*1321 It was also established that defendant earned over $10,500 as a real estate agent-in 1976 and over $3,000 for the first four months of 1977. This evidence undoubtedly influenced the trial judge.
The jurisprudence is to the effect that alimony awards are within the discretion of the trial court and should not be disturbed on appeal in the absence of a showing of an abuse of discretion. Since we find no such abuse, the judgment appealed from is affirmed.
AFFIRMED.